IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE B. WINGATE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07-cv-0034-MJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

**A. Background**

On March 18, 2002, Tyrone Wingate was sentenced to 70 months imprisonment followed by five years of supervised release (Case No. 01-CR-30103-002, Doc. 144). Wingate's sentence was later reduced to 38 months, and his supervised release began on March 28, 2004. On November 9, 2006, Wingate's supervised release was revoked after he admitted possessing cocaine. The Court entered judgment sentencing Wingate to 12 months plus one day in prison followed by an additional 38 months of supervised release. At his counsel's request, the Court also required that Wingate serve the first six months of supervised release at the Franklin Williamson Health Services Treatment Center in Marion, Illinois as a special condition of supervised release.

On January 16, 2007, Wingate filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] Wingate argues that community confinement is an illegal condition of supervised release pursuant to 18 U.S.C. § 3583, which references 18 U.S.C. § 3563,

---

[1] Wingate was prompted to file this § 2255 action when his former attorney, Assistant Federal Public Defender Renee Schooley, wrote to him. In her letter, Schooley told Wingate that community confinement is not authorized, and that her failure to object may constitute ineffective assistance of counsel.

1

and that his attorney's failure to object to that condition constitutes ineffective assistance of counsel. The question of the legality of community confinement stems from confusion surrounding Congress's amendments to 18 U.S.C. § 3563. Federal law provides:

> The court may order, as a further condition of supervised release ... any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (20), and any other condition it considers to be appropriate.

**18 U.S.C. § 3583(d).**

Prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the carve out in § 3583(d) read just as it does today, allowing § 3563(b)(1) through (b)(10) and (b)(12) through (b)(20) as conditions of supervised release. Originally, the provision allowing community confinement was found at (b)(12), while the provision allowing intermittent incarceration was found at (b)(11). However, AEDPA deleted (b)(2) and the rest of the subsections were renumbered accordingly. As a result, community confinement is now listed at (b)(11) and intermittent incarceration is at (b)(10). Despite these changes, Congress did not amend the carve out in § 3583(d). Thus, the literal text of the statutes now appears to allow the Court to impose intermittent incarceration as a condition of supervised release, but not community confinement.

For the following reasons, Wingate's motion is **DENIED**.

### B.  Analysis

1.  Ineffective Assistance of Counsel Under *Strickland*

Assuming *arguendo* that community confinement is an illegal condition of supervised release, Wingate would have to show that his attorney's failure to object constituted ineffective assistance of counsel. Under the familiar standard of **Strickland v. Washington, 466 U.S. 668 (1984)**, to prevail on an ineffective assistance claim, a defendant must show both that his counsel's performance was deficient *and* that the deficient performance prejudiced the defense. ***Almonacid***

*v. United States*, **476 F.3d 518, 521 (7th Cir. 2007).**

As to the first requirement, trial counsel's performance will not be considered deficient unless it falls below an objective standard of reasonableness. This Court may not judge trial counsel's performance with the benefit of hindsight and must apply a "strong presumption" that counsel's performance fell "within the wide range of reasonable professional assistance." *Id.* **(citing** *Strickland***, 466 U.S. at 688–89).** As to the second requirement, the Seventh Circuit has articulated what is needed to show prejudice in the ineffective assistance of counsel context.

> With respect to prejudice, . . . it is not enough to show that the attorney erred, or that the error had "some conceivable effect on the outcome." . . . . Instead, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Raygoza v. Hulick*, **474 F.3d 958, 962-63 (7th Cir. 2007) (quoting** *Strickland***, 466 U.S. at 693-94).**

Wingate cannot meet the high standard provided in the first prong. *United States v. Mills*, **186 F. Supp. 2d 965 (E.D. Wis. 2002),** was the only case that found community confinement illegal at the time his sentence was entered. That case was decided in 2002 in this Circuit, though not in this district. Every Circuit that had dealt with the issue at the time Wingate was sentenced held that community confinement is a permitted condition of supervised release despite AEDPA's amendments. *See United States v. D'Amario*, **412 F.3d 253 (1st Cir. 2005);** *United States v. Griner*, **358 F.3d 979 (8th Cir. 2004);** *United States v. Bahe*, **201 F.3d 1124, 1132 (9th Cir. 2000);** *United States v. Huffman*, **146 Fed. Appx. 939 (10th Cir. 2005).** Moreover, judges in the Southern District of Illinois have consistently ordered community confinement through the present day. Therefore, counsel's failure to object was not objectively unreasonable.

Additionally, under the second prong, there is no evidence that could provide a

reasonable probability that such an objection would have had an effect on the outcome. At sentencing, Wingate stated he was entirely happy with counsel's representation. Also, Wingate's counsel requested that he be given drug treatment after his release from prison. Accordingly, the Court ordered that drug treatment be provided during his confinement in the Franklin Williamson Center. As a result, Wingate has failed to satisfy the test for ineffective assistance of counsel under *Strickland*.

2. The Legality of Community Confinement as a Condition of Supervised Release

Having found that Wingate cannot satisfy *Strickland*'s test for ineffective assistance, the Court need go no further. However, as to the legality of community confinement, the Court notes as follows.

The Seventh Circuit has not addressed the question of whether Congress's amendments to 18 U.S.C. § 3563 prohibit community confinement as a condition of supervised release, but every Circuit that has confronted the issue has determined that the failure to amend 18 U.S.C. § 3563(d) was a "clerical error." **See *D'Amario*, 412 F.3d at 256-57; *Griner*, 358 F.3d at 981-82; *Bahe*, 201 F.3d at 1132; *Huffman*, 146 Fed. Appx. at 943.** The rationale of statutory interpretation used by the Eighth and Tenth Circuits was:

> Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. . . . Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications by the statute so taken unless it does so by express intent. The weight of authority holds this rule respecting two separate acts applicable where, as here, one section of a statute refers to another section which alone is amended.

***Griner*, 358 F.3d at 982 (quoting *Hassett v. Welch*, 303 U.S. 303, 314 (1938)); *Huffman*, 146 Fed. Appx. at 942 (quoting *Griner*, 358 F.3d at 982).** Accordingly, four Circuits have held that

community confinement is an authorized condition of supervised release.

Moreover, community confinement is still sometimes included as a condition of supervised release in the Southern District of Illinois. ***See, e.g., United States v. Gesiriech*, Case No. 06-30094 (Doc. 21, Feb. 26, 2007).**

The undersigned Judge finds persuasive the reasoning of those Circuits that have held community confinement to be a permitted condition of supervised release. This, coupled with the continuing practice of requiring community confinement in this District, supports the conclusion that a sentence including community confinement is not unlawful in the context of supervised release.

### C.  Conclusion

Accordingly, the Court **DENIES** Wingate's § 2255 motion to vacate, set aside, or correct his sentence (Doc. 1) and dismisses this case.

**IT IS SO ORDERED.**

**DATED this 8th day of November 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**